UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                           :
CHRIS VAGENOS,                                             :
                                                           :
                            Plaintiff,                     :  **MEMORANDUM**
                                                           :  **DECISION AND ORDER**
        -against-                                          :
                                                           :  09-cv-2672 (BMC)
                                                           :
                                                           :
                                                           :
LDG FINANCIAL SERVICES, LLC,                               :
                                                           :
                            Defendant.                     :
                                                           :
                                                           :
                                                           :
---------------------------------------------------------- X

**COGAN, District Judge.**

Presently before me is [13] defendant's motion *in limine* to preclude plaintiff from offering at trial an alleged duplicate of the automated telephone message which is the subject of this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and [15] defendant's motion for an extension of time to take additional discovery of defendant's agent, David Fletch, in connection with the motion *in limine*.

Plaintiff filed this action pursuant to the FDCPA alleging that defendant engaged in deceptive practices in connection with the collection of a consumer debt. Plaintiff's claims are based upon telephonic communications received from the defendant, but plaintiff has deleted the original, allegedly unlawful pre-recorded message that was left for him, retaining only a purported duplicate. Specifically, plaintiff asserts that he played the message contained on his cell phone answering system for his attorney, and his attorney re-recorded it on his own recording device. The background of the re-recorded message includes discussion between plaintiff, his attorney, and perhaps others in the office of plaintiff's attorney. For its part,

defendant claims that the allegedly duplicate version of the recording is not consistent with any of the standard recordings that it uses.

Federal Rule of Evidence 1004(1) allows a party to use secondary evidence to prove the contents of an original when "[a]ll originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith." See also In re Terrorist Bombings of U.S. Embassies v. Odeh, 552 F.3d 93 (2d Cir. 2008). Defendant assigns malicious intent to the deletion of the telephone message, reasoning that plaintiff's background in electronic engineering, past criminality and inconsistent deposition testimony demonstrate that plaintiff deliberately destroyed the message in bad faith.

Plaintiff's sworn testimony is that the recording he made reflects the original recording he heard from the debt collection agency and that the original was destroyed because he switched cellular telephone providers. Whether the testimony is credible and whether the recording is sufficiently reliable goes to the weight of the evidence, rather than its admissibility. See Burroughs Wellcome Co. v. Commercial Union Ins. Co., 632 F. Supp. 1213 (S.D.N.Y. 1986). For present purposes, plaintiff's explanation about the unavailability of the original message is sufficient to meet the threshold requirements of Fed. R. Evid. 1004(1). Plaintiff and plaintiff's counsel may very well have breached their duty to preserve critical evidence in this case, but they did not do so in bad faith.

This is not to say, however, that plaintiff should face no consequences for his and his attorney's actions. The standard of bad faith under Rule 1004(1) must necessarily be high, at least where, as here, precluding the crucial secondary evidence would be tantamount to directing a verdict against the proponent of that evidence; plaintiff cannot prevail in this action if the Court excludes the duplicate recording. Although plaintiff's conduct thus does not meet the standard

of "bad faith" under Rule 1004(1) and the fatal consequences that would flow from it, that conduct does violate plaintiff's obligation to retain relevant evidence. Indeed, it is the very importance of the evidence that heightened the obligation to preserve the original. Plaintiff's neglect has complicated the task of the fact finder, which now has to determine whether the message plaintiff claims he received is in fact the message he did receive. It has prejudiced defendant, which cannot inspect the original tape or subject it to forensic analysis. These issues could have been avoided entirely had plaintiff or his attorney taken any steps to merely retain the original evidence.

The neglect is particularly egregious because plaintiff's counsel appears to have been unaware of his client's obligation to preserve evidence, and thus took no steps towards preservation, even though counsel assisted in the creation of the secondary evidence. At the initial status conference in this matter, when it became apparent that counsel had allowed destruction of the tape despite his client having played it for him and his having re-recorded it, he professed surprise that he or his client had any obligation to retain the original at all. This is highly troubling conduct by an attorney who professes to practice regularly in this area of law and whose cases are often based upon pre-recorded messages left for his clients on answering machines.

The obligation to preserve evidence "arises when [a] party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 216 (S.D.N.Y. 2003). The preservation obligation "runs first to counsel, who has 'a duty to advise his client of the type of information potentially relevant to the lawsuit and of the necessity of preventing its destruction.'" Chan v. Triple 8 Palace, No. 03 CIV 6048, 2005 WL 1925579 (S.D.N.Y. Aug. 11, 2005)

(quoting Turner v. Hudson Transit Lines, 142 F.R.D. 68, 73 (S.D.N.Y. 1991). Counsel thus had a duty to advise and explain to his client the continuing obligation to retain pertinent documents. See Telecom Int'l Am. Ltd. v. AT&T Corp., 189 F.R.D. 76, 81 (S.D.N.Y. 1999). The responsibility of counsel to so inform his client is "heightened in this age of electronic discovery." Green v. McClendon, No. 08 Civ. 8496, 2009 WL 2496275 (S.D.N.Y. Aug. 13, 2009) (quoting Qualcomm Inc. v. Broadcom Corp., 05 Civ. 1958-B, 2008 WL 66932, at *9 (S.D. Cal. Jan. 7, 2008); see also Phoenix Four, Inc. v. Strategic Resources Corp., No. 05 Civ. 4837, 2006 WL 1409413, at *5-6 (S.D.N.Y. May 23, 2006) (underscoring counsels' affirmative duty to ensure that all sources of relevant information are discovered). Having chosen to retain his attorney, plaintiff is responsible for his attorney's negligent conduct or bad advice in connection with the action. See Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666 (2d Cir. 1989) ("Absent a truly extraordinary situation … the client is not excused from the consequences of his attorney's nonfeasance.").

Under these circumstances, although the Court will deny the motion to exclude the evidence because it would be the death knell of this case, the Court finds that an appropriate sanction for the spoliation of the evidence is an adverse inference instruction. See Residential Funding Corp., v. DeGeorge Financial Corp., 306 F.3d 99 (2d Cir. 2002) (a showing of gross negligence in the destruction of evidence may support an inference that the evidence would have been unfavorable to the spoliator); see also Vodusek v. Bayliner Marine Corp., 71 F.3d 148 (4th Cir. 1995) ("Even if a court determines not to exclude secondary evidence, it may still permit the jury to draw unfavorable inferences against the party responsible for the loss or destruction of the original evidence"). Accordingly, at trial the Court will instruct the jury that a party in possession of material evidence has a duty to preserve it, and the jury may consider plaintiff's

failure to preserve the original recording as evidence that the destroyed portion of the message contained information harmful to plaintiff's case.

Defendant's motion *in limine* is therefore denied except as set forth above. In light of the Court's ruling, plaintiff's motion for an extension of time to seek additional discovery in connection with defendant's motion is denied as moot. This does not preclude plaintiff from seeking additional discovery relating to the provenance of the recording, if any such evidence exists.

**SO ORDERED.**

**Signed electronically/Brian M. Cogan**
U.S.D.J.

Dated: Brooklyn, New York
December 31, 2009