FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 20 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
CHRIS VAGENOS,

                         Plaintiff,

     -against-

LDG FINANCIAL SERVICES, LLC,

                        Defendant.

-------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

09 Civ. 2672 (BMC)

**COGAN,** District Judge.

This matter is before the Court on [38] plaintiff's motion for attorney's fees and costs in the amount of $87,474.73 pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k (2006). For the reasons that follow, I find that plaintiff's counsel is entitled to $41,912.50 in fees. Since he has submitted no back up for his costs, his costs shall be taxed separately upon application to the Clerk.

## BACKGROUND

Familiarity with the underlying facts is presumed. On the eve of trial, after jury selection, the parties agreed to settle the case under Federal Rule of Civil Procedure ("FRCP") 68 for $1,000 plus reasonable attorney's fees and costs. The Court noted that the statute provided for attorney's fees and set a briefing schedule for plaintiff's fee application.

Plaintiff's counsel states that he has expended 216.6 hours of time at what he contends is a prevailing market rate of $400 per hour, totaling $85,040 in attorney's fees. Plaintiff's counsel further seeks costs in the sum of $2,434.73 to bring the total award to $87,474.73.

Defendant's counsel asks the Court to reduce the plaintiff attorney's billable hours to 112 hours and to reduce the hourly rate to no more than $200 per hour.

## DISCUSSION

### 1. FDCPA

Section 1642k of the FDCPA requires payment of attorney's fees and costs to a prevailing plaintiff. 15 U.S.C. § 1692k(a); see also Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1991). Plaintiff was successful in the action, receiving $1,000 in statutory damages and is therefore entitled to reasonable fees and costs.

### 2. Attorney's Fees

In the Second Circuit, the "presumptively reasonable fee" or "lodestar figure" is used to determine reasonable attorney rates for federal claims. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 118 (2d Cir. 2007); Baruch v. Healthcare Receivable Mgmt., No. 05-CV-5392, 2007 U.S. Dist. LEXIS 80429, at *15 (E.D.N.Y. Oct. 30, 2007). This fee is composed of "a reasonable hourly rate multiplied by a reasonable number of expended hours." Finkel v. Omega Commc'n Servs., Inc., 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008); Arbor Hill, 493 F.3d at 164.

*a. The Reasonable Hourly Rate*

Courts generally measure counsel's proposed hourly rate in line with those "market rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (quoting Blum v. Stenson, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541 (1984)). The Second Circuit has deemed "community" to mean the area in which the district court sits. Arbor Hill, 493 F.3d at

118 (citing Polk v. N.Y. State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir.1983)). Furthermore, "the reasonable hourly rate is the rate a paying client would be willing to pay," given that a client "wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 493 F.3d at 112, 117-18.

In FDCPA cases in the Eastern District of New York, courts have awarded hourly rates to attorneys who are sole practitioners that range from $250 to $350. See Aslam v. Malen & Assocs., P.C., 669 F. Supp. 2d 275, 277 (E.D.N.Y 2009) (finding that an attorney who founded his own practice in 2003 concentrating on consumer protection law should be awarded a $250 rate); Larsen v. JBC Legal Group, P.C., 588 F. Supp. 2d 360, 364 (E.D.N.Y. 2008) (counsel with 17 years experience, 7 years specializing in consumer protection law, awarded $300 rate); Baruch, 2007 U.S. Dist. LEXIS 80429, at *18 (counsel with 19 years experience awarded $350 rate).

   *b. The Reasonable Number of Expended Hours*

In order to determine whether the hours expended were reasonable, the Court must consider whether "a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992). The Court may exclude any hours that the Court finds were unnecessary. Savino, 71 F. Supp. 2d at 175.

### 3. Application

Plaintiff's counsel argues that he should be awarded an hourly rate of $400. I do not find that rate reasonable. Plaintiff's counsel has been practicing law since 2001. In 2005, counsel opened a private practice with emphasis on FDCPA litigation. However, counsel has failed to show that $400 is the reasonable rate for an attorney of his experience in an FDCPA case; similarly experienced FDCPA lawyers are generally awarded less. See Larsen, 588 F. Supp. 2d

3

at 364 (counsel with 17 years experience, 7 years specializing in consumer protection law, awarded $300 rate); Baruch, 2007 U.S. Dist. LEXIS 80429, at *18 (counsel with 19 years experience awarded $350 rate). Instead, the Court finds it reasonable to reduce the fee to $250. See Aslam, 669 F. Supp. 2d at 277 (finding that an attorney who founded his own practice in 2003 concentrating on consumer protection law should be awarded a $250 rate); Pinkham v. Prof'l Claims Bureau, Inc., 367 F. Supp. 2d 338, 340 (E.D.N.Y. 2005) (counsel's request for $250 rate found reasonable for the Eastern District in FDCPA case). Moreover, while not dispositive, it is worth mentioning that this was not a very complicated FDCPA case.

Plaintiff's counsel submitted billing records and concluded that 216.6 hours were expended on the case. After reviewing the records, the Court finds that some of these hours were not expended reasonably. But the Court notes that this motion, particularly the vituperative and unnecessarily combative tone and stances of the parties, is emblematic of the way this litigation has progressed. The Court holds both parties equally responsible for that and will not unilaterally penalize Mr. Goldstein for engaging in extra work which both parties could have avoided. The following corrections have been made to Mr. Goldstein's hours expended due to unnecessary time spent on legal activities:

- Exclusion of .7 hours drafting original complaint on 8/27/09 as the class allegations were dropped and answer was not drafted until the next day.

- Reduction from 40 to 20 hours spent on drafting opposition to defendant's motion *in limine* to preclude plaintiff from offering at trial an alleged duplicate of automated telephone message at issue.

- Reduction from eight to two hours for research from 12/8/09-12/21/09 since research done was not relevant to the motion.

- Reduction from 6.1 to 4.1 hours from 3/19/10-325/10 for writing four-page motion *in limine* to exclude prior bad acts.

- Reduction from 15 to 7.5 hours for preparing jury instructions filed on 4/30/10.

4

- Reduction from 12.5 to 6.25 hours for reviewing deposition of David Fletcher for impeachment on 4/27/10 as well as previous cases filed against LDG for impeachment on 4/28/10.

- Reduction from 12.5 to 10 hours for time spent creating testimony inconsistency chart for David Fletcher's deposition on 4/29/10.

With these reductions, the Court finds that 167.25 hours were expended reasonably by plaintiff's attorney.

Therefore, by multiplying 167.25 hours by a $250 hourly rate, the total reasonable fee comes to $41,912.50.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees is granted. Plaintiff is awarded attorney's fees totaling $41,912.50 with costs to be taxed separately upon application to the Clerk.

**SO ORDERED**

/s/(BMC)

_____
U.S.D.J.

Dated: Brooklyn, New York
July 19, 2010

5